UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JOSEPH-ALLEN DAVIS, | ) | CASE NO. 5:25-cv-1629 |
| | ) | |
| Plaintiff, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| | ) | |
| GOVERNOR FOR STATE OF OHIO, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Joseph-Allen Davis ("Davis") filed a "Complaint for Equitable and Lawful Relief" in this case against multiple defendants. (Doc. No. 1 (Complaint).) He did not pay the filing fee. Rather, he filed a form Application to Proceed in the District Court Without Prepayment of Fees or Costs, (Doc. No. 2 (Application)), also known as a motion to proceed *in forma pauperis*. For the reasons stated below, the application is DENIED, and this action is DISMISSED without prejudice.

Federal courts have the power to authorize commencement of civil actions *in forma pauperis* under 28 U.S.C. § 1915. Section 1915 is intended to ensure that indigent persons have equal access to the judicial system by allowing them to proceed without having to advance the fees and costs associated with litigation. *McVaney v. Lincoln Nat'l Life Ins. Co.*, No. 5:22-cv-1662, 2022 WL 4483909, at *1 (N.D. Ohio Sept. 27, 2022) (citation omitted). A litigant seeking to proceed *in forma pauperis* must file an affidavit with a statement of assets and liabilities that demonstrates his or her financial inability to pay fees. *See* 28 U.S.C. §1915(a)(1). Proceeding *in*

*forma pauperis* is a privilege, *see Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir. 1998), not a right, and permission to do so is committed to the sound discretion of the Court. *See Foster v. Cuyahoga Dep't of Health & Hum. Servs.*, 21 F. App'x 239, 240 (6th Cir. 2001) (reviewing denial of motion to proceed *in forma pauperis* for abuse of discretion).

Davis's application is insufficient for the Court to find that he meets the criteria of poverty necessary to proceed *in forma pauperis*. On his application he simply wrote "0" or "N/A" in response to every question on the application regarding his financial circumstances. (Doc. No. 2, at 1–2, 4–5.[1]) He thus represents to the Court that he has absolutely no income, assets, or expenses of any kind. Davis fails to provide any cogent information or explanation on his application as to how he survives without any means of support. Where he is asked on the application to provide any additional information that would help explain why he cannot pay the cost of the proceeding, he states:

> If I had it, I would give it. I do not. But I know that I have dominion over the entire earth. I assume that includes any material that might be used as a form of payment. Therefore, we only request to protect our freedoms from retaliatory actions which are written on the face of this matter. Also see the connected response from the Federal Reserve Board regarding any alleged obligation to issue obligations of the United States.

(*Id*. at 5.)

Once again, *see Joseph-Allen Davis v. Yunus Adewale Abass, et al*., No. 5:22-cv-1739, Doc. No. 7 (N.D. Ohio Oct. 7, 2022) (denying Davis's motion to proceed *in forma pauperis* where he failed to provide necessary information), Davis fails to provide valid or sufficient information on his application to justify allowing him to proceed *in forma pauperis*. Accordingly, Davis's

---

[1] All page number references to the record herein are to the consecutive page numbers applied to each individual document by the Court's electronic filing system.

Application to Proceed Without Prepayment of Fees (Doc. No. 2) is DENIED, and this action is DISMISSED without prejudice. Plaintiff may reopen this case within thirty (30) days of the date of this Order by first paying the full filing fee of $ 405.00 and filing a motion to reopen. No other documents will be accepted for filing in the case, including a motion to reopen or for reconsideration, unless and until the filing fee has been paid in full. The Clerk's Office shall return unfiled any documents submitted prior to the payment of the filing fee.

The Court further certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

Dated: November 14, 2025

**HONORABLE SARA LIOI**
**CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**